FILED
SUPERIOR COURT
OF GUAM

2026 JUN -5 PM 2:47

CLERK OF COURT





## IN THE SUPERIOR COURT OF GUAM By:

| | |
|---|---|
| MSU GUAM LLC,<br><br>               Plaintiff,<br><br>v.<br><br>WANG-CHIEH "RONALD" SU and<br>MANHATTAN FINANCIAL LLC,<br><br>               Defendants. | CIVIL CASE NO. CV0077-24<br><br><br>**DECISION & ORDER** |

## INTRODUCTION

This case turns on whether routine foreclosure procedures were transformed into actionable misconduct. Plaintiff challenges the integrity of the foreclosure process, asserting that Defendants obscured the identity of the true mortgagee and engaged in misleading conduct. Defendants, in turn, contend that the record reflects nothing more than the lawful enforcement of a defaulted loan through established servicing and foreclosure practices.

Having carefully reviewed the pleadings, declarations, memoranda of counsel, and the record as a whole, the Court now issues this Decision and Order resolving the parties' motions. Plaintiff MSU Guam LLC is represented by Attorney Charles McDonald. Defendants Wang-Chieh "Ronald" Su and Manhattan Financial, LLC are represented by Attorney Daniel Berman and Attorney Jacques G. Bronze.

## BACKGROUND

This case arises out of a commercial loan and foreclosure involving MSU Guam LLC ("MSU") and real property in Guam. Plaintiff MSU Guam LLC alleges that Defendants Wang-Chieh "Ronald" Su ("Ronald") and Manhattan Financial, LLC ("Manhattan") engaged in misconduct surrounding the note, mortgage, and foreclosure process, including alleged misrepresentations about the identity of the true mortgagee and the handling of foreclosure notices. *See,* Opp'n to Def. Manhattan Financial LLC's Mot. for Summ. J., 1–3 (Nov. 4, 2025). The case proceeded through written discovery and depositions. In August 2025, the parties stipulated to a modification of the schedule, which the Court approved, and which set a discovery cut-off in early August 2025 while otherwise leaving the original Scheduling Order in effect. *See,* Stip. & Order re Modification of Schedule (Aug. 7, 2025).

The summary-judgment phase followed. Manhattan Financial moved for summary judgment, and Plaintiffs opposed, relying in part on declarations from David Su, Mimi C. L. Su, Chia Lin Su, and their counsel, Charles H. McDonald II. Ronald and MF also submitted summary-judgment briefing addressing the merits of Plaintiffs' claims and the sufficiency of Plaintiffs' evidence.

In response to Plaintiffs' reliance on these declarations, Defendants Ronald and MF filed a joint motion to strike the declarations of Mimi C. L. Su, Chia Lin Su, David Su, and portions of the declaration of Charles H. McDonald II. *See,* Joint Mem. in Supp. of Wang-Chieh Su & Manhattan Fin. LLC's Mot. to Strike Decls. of Mimi C. L. Su, Chia Lin Su, David Su, & Charles H. McDonald II ( Nov. 14, 2025).

## DISCUSSION

First, the Court addresses whether Plaintiff has established an actionable misrepresentation by Manhattan Financial. Second, the Court considers whether Manhattan owed any duty to disclose additional information to Plaintiff. Third, the Court evaluates whether Plaintiff had notice of the foreclosure proceedings and can establish prejudice. Fourth, the Court turns to Plaintiff's fraud claims against Defendant Ronald Su, including whether the record supports the required elements of misrepresentation, duty to disclose, intent, reliance, causation, and damages. Finally, the Court addresses Defendants' motion to strike and determines the admissibility of the challenged declarations under the Guam Rules of Civil Procedure and the Rules of Evidence.

### I.   The Court Finds No Actionable Misrepresentation by Manhattan Financial.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c); *Hawaiian Rock Prods. Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 26. A dispute is genuine only where there is sufficient evidence creating a factual dispute that must be resolved by a factfinder, and the dispute must concern a material fact one relevant to an element of a claim or defense whose existence could affect the outcome. *Id.* In determining appropriateness of granting summary judgment, a court must view the evidence and draw inferences in the light most favorable to the non-movant. To prevail on a fraud-based claim, a plaintiff must prove (1) a misrepresentation. (2) knowledge of falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damages. *Goodwind Dev. Corp. v. West Bay*

*Corp.*, 2025 Guam 14 ¶ 50. To establish misrepresentation, a plaintiff must identify a false statement or omission of material fact attributable to the defendant and supported by specific facts rather than speculation. *Id.*

Plaintiff MSU argues that Manhattan materially misrepresented the identity of the true mortgagee during the foreclosure process by allowing Community First Guam Federal Credit Union ("CFG") to appear as the mortgagee in foreclosure-related documents. MSU contends that the identity of the mortgagee was material and that factual disputes exist concerning whether CFG acted independently or at Manhattan's direction, whether Manhattan personnel communicated with foreclosure counsel, and whether Manhattan's ownership authorized foreclosure.

First, the record establishes that CFG continued to act as servicer of the loan after the assignment to Manhattan. The declaration evidence shows that although CFG sold its interest in the loan to Manhattan in September 2017, CFG was retained as servicing agent pursuant to a servicing agreement. *See*, Cruz Decl. at 10–11. The declaration further states that CFG, acting as servicer, referred the matter to foreclosure counsel and initiated foreclosure proceedings under its servicing authority. *Id.* at 12–13. The mere fact that CFG appeared in foreclosure documents therefore does not constitute a false statement or misrepresentation, but instead reflects its role as servicing agent.

Second, MSU's reliance on testimony or evidence concerning who instructed foreclosure counsel or who authorized foreclosure does not create a triable issue as to misrepresentation. The evidence cited by MSU concerns internal decision-making and operational authority between the loan owner and the servicer. Such disputes do not establish that Manhattan made any false representation to MSU. The foreclosure notices accurately reflected that CFG, acting in its

servicing capacity, pursued foreclosure after default. *See,* Cruz Decl. at 12–13. The Court identifies no affirmative false statement made by Manhattan to MSU.

Third, MSU's argument that foreclosure documents omitted Manhattan's name as mortgagee does not establish actionable concealment. The record demonstrates that the loan and mortgage were assigned to Manhattan by recorded assignment. *See* Cruz Decl. at 10; Cruz Decl. Ex. 6 (Assignment of Mortgages). The existence of a servicing arrangement under which CFG acted in its own name does not render the foreclosure documents misleading where CFG was authorized to service and enforce the loan.

Finally, MSU's assertions regarding whether particular individuals or family members authorized foreclosure do not alter the analysis. Even assuming factual disputes exist concerning internal authorization or communications, those disputes do not establish that MSU was presented with false information or that Manhattan made a materially misleading statement intended to induce reliance. The issue before the Court is whether Manhattan made an actionable misrepresentation; the record does not support such a finding.

Accordingly, the Court concludes that Plaintiff has failed to demonstrate a genuine issue of material fact as to misrepresentation. Summary judgment is therefore appropriate on this issue.

## II. Manhattan Owed No Duty to MSU to Provide Additional Disclosure.

Under established assignment principles, the validity and effectiveness of an assignment does not depend upon notice to the debtor absent a statutory or contractual requirement. *Smith v. Harris,* 127 Cal. App. 2d 311, 316–17 (1954). As the court explained in *Smith,* notice to the

debtor is not essential to complete an assignment where a bona fide agreement exists between assignor and assignee. *Id.* at 317.

MSU next argues that Manhattan had an independent duty to disclose the assignment of the loan and the servicing arrangement with CFG. The Court disagrees. The same principle applies here. The declaration evidence establishes that CFG assigned its interest in the loan to Manhattan in September 2017, and that the assignment was recorded. *See,* Cruz Decl. at 10; Cruz Decl. Ex. 6. The assignment was therefore complete and effective between the parties regardless of whether MSU received separate notice. Nothing in the loan documents or governing law cited by MSU imposes an independent duty requiring Manhattan to provide additional disclosure beyond the servicing and foreclosure processes already in place.

Moreover, the record reflects that CFG continued to service the loan and was authorized to initiate foreclosure proceedings in its own name. The Court finds no legal basis for imposing a separate disclosure duty requiring Manhattan to identify itself in all foreclosure communications where CFG acted as servicing agent.

MSU attempts to impose such a duty based on equitable considerations and familial relationships. However, lender–borrower and assignee–debtor relationships are generally contractual and commercial in nature and do not create fiduciary duties or heightened disclosure obligations. The relationship between Manhattan and MSU did not give rise to a fiduciary or confidential relationship requiring additional disclosure.

Accordingly, MSU's claim fails because Manhattan owed no independent duty to disclose the assignment.

**III.    MSU Had Notice and Cannot Establish Prejudice.**

Even assuming that additional notice was required, the undisputed evidence demonstrates that MSU had actual awareness of both the loan maturity and the pending foreclosure proceedings.

The record reflects that the loan matured and that multiple extensions were granted before default occurred. *Id.* Following continued nonpayment, foreclosure notices were issued, including a Notice of Default and opportunity to cure, followed by a Notice of Sale. *Id.* Correspondence in the record further shows that foreclosure notices were mailed and hand-delivered and that communications occurred concerning payment and potential resolution. *Id.*

This evidence demonstrates that MSU had actual awareness of foreclosure proceedings and the loan's delinquent status. Knowledge of foreclosure proceedings defeats MSU's claim that it lacked an opportunity to act. While MSU attempts to distinguish between "knowledge" and "formal notice," that distinction does not alter the legal validity of the assignment or create liability where none otherwise exists.

Further, MSU's claim of prejudice is not supported. The assertion that David Su might have negotiated differently had he known Manhattan held the note is insufficient to establish damages or causation. Speculation regarding hypothetical negotiations does not create a genuine issue of material fact.

Because MSU had actual awareness of the foreclosure proceedings, and because notice was not legally required to complete the assignment, MSU cannot establish reliance or damages arising from the alleged lack of disclosure.

## IV. MSU Cannot Establish the Elements of Fraud Against Ronald Su.

MSU's theory against Ronald Su is that he participated in or caused a "misrepresentation" by allowing CFG to appear in foreclosure notices and related

communications, while MF was the owner/assignee. But fraud requires proof of (1) misrepresentation (or actionable omission), (2) knowledge of falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damages. *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9. At summary judgment, MSU must point to evidence creating a triable issue on those elements as to Ronald Su. On this record, MSU cannot do so.

## V. No Actionable Omission Because There Was No Duty for Ronald Su to Disclose.

Where a fraud theory is based on nondisclosure/omission, the claim fails absent a duty to disclose the allegedly omitted fact. *Flaherty*, 2003 Guam 17 ¶ 14–16. In *Flaherty*, the Guam Supreme Court rejected a fraud/misrepresentation theory premised on an alleged failure to disclose a mortgage, holding the plaintiff failed to show a separate common-law duty to disclose such an encumbrance, and further observing that recording provided constructive notice defeating the misrepresentation theory. Id. at 15–16.

The same reasoning applies to MSU's omission-based theory against Ronald Su. MSU identifies no authority imposing a disclosure duty on Ronald Su to ensure that foreclosure letters and notices referenced Manhattan Financial by name rather than the servicer's name, particularly where the ownership/assignment information is contained in recorded instruments or otherwise publicly available such that constructive notice applies. Without a duty to disclose, MSU's "fraud by omission" theory fails as a matter of law.

## VI. The Undisputed Record Shows No Actionable Misrepresentation by Ronald Su.

MSU identifies no specific false statement attributable to Ronald Su and no evidence showing that Ronald Su personally made representations intended to mislead MSU. The undisputed record reflects that foreclosure-related communications were issued through counsel

following default under the loan documents. The Notice of Default identified the delinquency, the amount owed, and the borrower's opportunity to cure. *See,* Michael J. Berman Decl., 4–7. The notice further outlined the consequences of nonpayment and the lender's election to proceed with foreclosure remedies. *Id.* The Berman declarations also establish that the notice was transmitted via certified mail and hand-delivery, and that follow-up communications were made confirming delivery and status. *See,* Berman Decl., 8–11. Nothing within these communications constitutes a false representation made by Defendant Ronald Su. Rather, the evidence demonstrates enforcement of contractual remedies following default. The mere identification of parties involved in servicing or foreclosure communications does not amount to fraud absent proof of a false statement.

Accordingly, MSU fails to establish the threshold element of fraud.

## VII. MSU Presents No Evidence of Knowledge of Falsity or Intent to Deceive

Even assuming a disputed statement existed, the record contains no evidence that Defendant Ronald Su acted with fraudulent intent or knowledge of falsity. The Berman declarations demonstrate that counsel communicated openly regarding delivery of foreclosure notices, the status of the loan, and anticipated next steps. *See,* Berman Decl. 8–13. These communications reflect administrative and legal follow-up consistent with enforcing loan obligations—not deceptive conduct. No declaration, email, or document suggests that Defendant Ronald Su directed counsel to make false statements or conceal material facts. Therefore, MSU cannot establish scienter or intent to deceive.

## VIII.   MSU Cannot Demonstrate Justifiable Reliance

Fraud also requires proof that the plaintiff actually and reasonably relied on the alleged misrepresentation. The record forecloses such a finding. The written notices clearly disclosed the default status, amount due, and consequences of nonpayment. *See,* Berman Decl. 4–7. Subsequent correspondence confirmed that the notices were transmitted and that foreclosure proceedings would continue absent response. Here, MSU received direct notice of the default and foreclosure process. Any assertion of justifiable reliance on alleged misrepresentations is therefore unsupported.

## IX.   MSU Cannot Establish Causation or Fraud Damages

Finally, the record does not support causation or fraud-based damages. The documentary evidence demonstrates that foreclosure actions resulted from the borrower's payment default—not from any alleged misrepresentation. MSU's alleged injury arises from contractual enforcement following default, not fraudulent conduct. Without evidence linking damages to a misrepresentation, the fraud claim fails as a matter of law.

## X.   The Court Grants Defendants' Motion to Strike Because the Challenged Declarations Fail to Comply with the Guam Rules of Civil Procedure and the Rules of Evidence.

Defendants Ronald Su and Manhattan move to strike the declarations of Mimi C.L. Su, Chia Lin Su, David Su, and Plaintiff's counsel, submitted in support of Plaintiff's opposition to summary judgment. Rule 56(c)(4) of the Guam Rules of Civil Procedure requires that declarations submitted at summary judgment be based on personal knowledge, set forth admissible facts, and affirmatively demonstrate the declarant's competence to testify. The Court finds that the declarations of Mimi C.L. Su and Chia Lin Su were disclosed after the discovery

cutoff in violation of the governing scheduling order and without leave of court or agreement of the parties, warrants exclusion. The Court also agrees that portions of David Su's declaration, including paragraphs 5, 6, and 12, contain inadmissible hearsay and speculative statements that do not satisfy Rule 56(c)(4), and that the deposition excerpts attached to the declaration of counsel, are not based on personal knowledge and therefore inadmissible for purposes of summary judgment. Given the dispositive posture and prejudice to Defendants exclusion is warranted.

Accordingly, Defendants' Motion to Strike is granted.

## CONCLUSION

Accordingly, the Court grants the motion to strike as discussed herein and grants summary judgment in favor of Defendants.

**SO ORDERED** JUN 0 5 2026 .

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**